1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9             FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  MARIO ARCIGA,                          No.  1:15-cv-01372-DAD-CDB (HC)

12               Petitioner,

13        v.                               ORDER DENYING RESPONDENT'S
                                           MOTION FOR RECONSIDERATION AND
14  SCOTT FRAUENHEIM, *Warden*,            ADDRESSING THE SCHEDULING OF AN
                                           EVIDENTIARY HEARING
15               Respondent.
                                           (Doc. No. 57)
16

17

18        This matter is before the court on respondent's motion for reconsideration (Doc. No. 57)

19  and on the parties' briefing addressing the issue of who bears the burden at an evidentiary hearing

20  with respect to step two of a *Batson*[1] challenge.  On September 20, 2022, petitioner filed an

21  opposition to respondent's motion for reconsideration, and on September 21, 2022, respondent

22  filed his reply thereto.  (Doc. Nos. 59, 61.)  Respondent's motion was taken under submission on

23  the papers.  (Doc. No. 62.)  For the reasons explained below, the court will deny respondent's

24  motion for reconsideration.  In addition, the court will confirm that, at the evidentiary hearing,

25  respondent will bear the burden of production of any evidence "probative of the *actual* reason that

26  [the] prosecutor exercised the strike[s] at issue."  *Shirley v. Yates*, 807 F.3d 1090, 1103–04 (9th

27  Cir. 2015), *as amended* (Mar. 21, 2016).

28  ---
    [1]  *Batson v. Kentucky*, 476 U.S. 79 (1986).

                                            1

1    **A.    Respondent's Motion for Reconsideration**

2           On June 15, 2022, the court issued an order providing for petitioner's application for a

3    writ of habeas corpus to proceed only on his *Batson* claim but not as to his insufficiency of the

4    evidence claims.  (Doc. No. 43.)  As to petitioner's *Batson* claim, the court concluded that

5    petitioner had "made a *prima facie* showing of racial discrimination in the prosecutor's exercise

6    of peremptory challenges" and thus had "satisfie[d] the requirements of *Batson*'s first step by

7    producing evidence sufficient to permit the trial judge to draw an inference that discrimination

8    has occurred."  (*Id.* at 33) (quoting *Johnson v. California*, 545 U.S. 162, 170 (2005)).

9           On August 25, 2022, respondent filed the pending motion for reconsideration of the

10   court's June 15, 2022 order, invoking Local Rule 230(j) as the basis for his motion.  (Doc. No.

11   57.)  It does not appear that Local Rule 230(j) applies in this instance because the court's June 15,

12   2022 order was not an order granting or denying a motion.[2]  Nevertheless, the Ninth Circuit has

13   "long recognized 'the well-established rule that a district judge always has power to modify or to

14   overturn an interlocutory order or decision while it remains interlocutory.'"  *Credit Suisse First*

15   *Bos. Corp. v. Grunwald*, 400 F.3d 1119, 1124 (9th Cir. 2005) (quoting *Tanner Motor Livery, Ltd.*

16

---

17   [2]  Local Rule 230(j) applies when a party applies for reconsideration of an order granting or
     denying a motion.  Specifically, Local Rule 230(j) provides as follows:

18

19               Whenever any motion has been granted or denied in whole or in
                 part, and a subsequent motion for reconsideration is made upon the
20               same or any alleged different set of facts, counsel shall present to
                 the Judge or Magistrate Judge to whom such subsequent motion is
21               made an affidavit or brief, as appropriate, setting forth the material
                 facts and circumstances surrounding each motion for which
22               reconsideration is sought, including:

23               (1) when and to what Judge or Magistrate Judge the prior motion
                 was made;

24               (2) what ruling, decision, or order was made thereon;

25               (3) what new or different facts or circumstances are claimed to exist
                 which did not exist or were not shown upon such prior motion, or
26               what other grounds exist for the motion; and

27               (4) why the facts or circumstances were not shown at the time of
                 the prior motion.
28   L.R. 230(j).

*v. Avis, Inc.*, 316 F.2d 804, 809 (9th Cir. 1963)); *see also City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) ("As long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient.") (quoting *Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. 1981)).  "The authority of district courts to reconsider their own orders before they become final, absent some applicable rule or statute to the contrary, allows them to correct not only simple mistakes, but also decisions based on shifting precedent, rather than waiting for the time-consuming, costly process of appeal."  *United States v. Martin*, 226 F.3d 1042, 1049 (9th Cir. 2000).

In the pending motion for reconsideration, respondent essentially argues that this court erred by reviewing petitioner's *Batson* claim *de novo* rather than deferring to the rulings of the state trial judge and state appellate court on petitioner's direct appeal.  (Doc. No. 57.) Respondent is incorrect.  As the court thoroughly addressed in its June 15, 2022 order, despite summarizing *Batson*'s three-step framework and citing to the Supreme Court's decision *Johnson v. California*, 545 U.S. 162 (2005), the state appellate court nevertheless did not ***apply*** the correct legal standard in reviewing the state trial court's denial of petitioner's *Batson* motion.  (Doc. No. 43 at 8–12) (citing *Cooperwood v. Cambra*, 245 F.3d 1042, 1046 (9th Cir. 2001) ("[W]hen a state court employs the wrong legal standard, the AEDPA rule of deference does not apply."); *Panetti v. Quarterman*, 551 U.S. 930, 948 (2007) (a state court's failure to apply the proper standard under clearly established federal law "allows federal-court review . . . without deference to the state court's decision" and "unencumbered by the deference AEDPA normally requires")). Accordingly, respondent's argument that this court should have afforded deference to the state trial judge's *prima facie* determination and the state appellate court's ruling on petitioner's direct appeal is unavailing.  Respondent has not otherwise persuaded the court that reconsideration of its June 15, 2022 order is appropriate.

For these reasons, the court will deny respondent's (Doc. No. 57) motion for reconsideration of the court's June 15, 2022 order.

/////

3

1    **B.      Respondent Bears the Burden at the Evidentiary Hearing**

2           Consistent with Ninth Circuit precedent, in its June 15, 2022 order, the court concluded

3    that "an evidentiary hearing will be necessary in order to appropriately resolve petitioner's *Batson*

4    claim," and scheduled a status conference with the parties to discuss the setting of an evidentiary

5    hearing.  (Doc. No. 43 at 33–34) (citing *Johnson v. Finn*, 665 F.3d 1063, 1072 (9th Cir. 2011)).

6    The court held a status conference for this purpose on August 1, 2022.  (Doc. No. 54.)  At that

7    status conference, respondent's counsel expressed the view that petitioner bears the burden of

8    production at the evidentiary hearing—a view that was not shared by the court or by counsel for

9    petitioner.  Nevertheless, the court set a briefing schedule for the parties to address the question of

10   which party bears the burden at an evidentiary hearing for *Batson* step two.

11          On August 15, 2022, petitioner filed an opening brief regarding the burden at *Batson* step

12   two.  (Doc. No. 55.)  On August 25, 2022, respondent filed a brief in response, and on September

13   6, 2022, petitioner filed his reply thereto.  (Doc. Nos. 56, 58.)  As petitioner notes in his reply

14   (Doc. No. 58 at 1), respondent effectively concedes what is plainly stated in controlling Supreme

15   Court and Ninth Circuit precedent—that as the respondent, he bears the burden at *Batson* step

16   two, (Doc. No. 56 at 2).[3]  *See Johnson*, 545 U.S. at 168 (holding that "once the defendant has

17   made out a *prima facie* case, the 'burden shifts to the State to explain adequately the racial

18   exclusion' by offering permissible race-neutral justifications for the strikes") (citing *Batson*, 476

19   U.S. at 94).  "At Step Two, the state must both (1) assert that specific, race-neutral reasons were

20   the *actual* reasons for the challenged strikes, and (2) offer some evidence which, if credible,

21   would support the conclusion that those reasons were the *actual* reasons for the strikes."  *Shirley*

22   *v. Yates*, 807 F.3d 1104 (citing *Paulino v. Harrison*, 542 F.3d 692, 699 (9th Cir. 2008) ("*Batson*'s

23   step two requires evidence of the prosecutor's *actual* reasons for exercising her peremptory

24   challenges.")).

25   /////

---

26   [3]  Given that respondent so readily abandoned his view that a petitioner would bear the burden of

27   production at an evidentiary hearing, it appears that respondent lacked a good faith basis for
     asserting such a position at the status conference and as a result, wasted the parties' and the

28   court's time with unnecessary briefing and delay.

The respondent's burden at *Batson* step two is one of production, not persuasion.  *See Johnson*, 545 U.S. at 171 (noting that "even if the State produces only a frivolous or utterly nonsensical justification for its strike, the case does not end—it merely proceeds to step three); *see also Yee v. Duncan*, 463 F.3d 893, 899 (9th Cir. 2006) (explaining that "[a] failure to satisfy this burden to produce—for whatever reason—becomes evidence that is added to the inference of discrimination raised by the *prima facie* showing, but it does not end the inquiry").  As the Ninth Circuit has explained:

> In the usual case, the *Batson* analysis takes place during or shortly after jury selection.  In those cases, the prosecutor offers a contemporaneous explanation for the strike at step two.  Where time has passed since the jury selection, the prosecutor may offer an explanation based on his present recollection of his reasons for striking the juror.  Where [] time has passed and the prosecutor no longer has a present recollection of his or her reasons for striking the juror, the state may offer an explanation based on circumstantial evidence.  *See Paulino*, 542 F.3d at 700 ("Evidence of a prosecutor's actual reasons may be direct or circumstantial, but mere speculation is insufficient.").  When this occurs, we say that the state has "reconstructed" the prosecutor's reasons for striking the juror.  During reconstruction, the state may rely on any relevant evidence, such as jury questionnaires, the prosecutor's notes or testimony of the prosecutor.
>
> As we explained in *Paulino*, the court may reject a reconstructed articulation as mere "speculation" or accept it as properly based on relevant circumstantial evidence.  *See id.* ("[T]he district court did not err in concluding that the speculative reasons offered by the prosecutor did not constitute circumstantial evidence of her actual reasons.").  But regardless of how the state offers its race-neutral justification, it is not the task of the district court at step two to assess the truth of the explanation.  That is part of the step three analysis.  Nor is it the district court's role to conduct its own reconstruction, based on the circumstantial evidence, of what the prosecutor would have said.  At step two, the court's role is limited to determining whether the state has met its burden of production at all.

*Crittenden v. Ayers*, 624 F.3d 943, 957–58 (9th Cir. 2010).

In light of this clear, controlling precedent, there can be no doubt that respondent bears the burden of production at *Batson* step two.

The next question is whether the court should proceed to schedule an evidentiary hearing at this time, or instead adopt petitioner's suggestion that respondent first be required to ascertain whether the prosecutor can recall her reasons for striking the prospective jurors at issue in this

1   case and if so, file a declaration from the prosecutor as an offer of proof.  (Doc. Nos. 58 at 1; 55

2   at 3–4.)  Petitioner contends that proceeding in this manner will either avoid a potentially

3   wasteful hearing or serve to streamline that hearing.  (Doc. Nos. 58 at 1; 55 at 4.)  Respondent, on

4   the other hand, expressed at the status conference that his intention would be to present live

5   testimony, rather than proceed by way of a declaration subject to cross-examination and subject to

6   redirect examination.  In his response brief, respondent reiterated this intent, stating that he

7   "would subpoena the voir dire prosecutor as a live witness."  (Doc. No. 56 at 2.)  Respondent also

8   stated in his response brief that he "does not expect to intend otherwise unless respondent learns

9   the prosecutor has no recollection (refreshed or otherwise) relevant to a step two inquiry *and*

10  respondent reaches a stipulation with petitioner to that effect."  (*Id.*)  It is not clear what

11  respondent is suggesting in this regard.  Nevertheless, the court agrees with petitioner that it

12  would be a waste of scarce judicial resources to conduct an evidentiary hearing if the prosecutor

13  does not recall her reasons for exercising peremptory challenges at petitioner's trial.  However,

14  the court will not require respondent to file a declaration by the prosecutor as an offer of proof—

15  though respondent is certainly free to do so as a means of streamlining the evidentiary hearing for

16  the benefit of the parties and the court.

17          Accordingly, the court will direct respondent to first ascertain whether the prosecutor is

18  able to recall her reasons for striking the prospective jurors at issue in this case, such that an

19  evidentiary hearing would be productive.  If yes, then the parties will be directed to meet and

20  confer regarding their and the witness's availability for an evidentiary hearing and propose

21  hearing dates for the court's consideration.

22                                          **CONCLUSION**

23          For the reasons explained above:

24  1.      Respondent's motion for reconsideration (Doc. No. 57) is denied;

25  2.      Within twenty-one (21) days from the date of entry of this order, respondent shall

26          file a notice informing the court and petitioner whether the prosecutor is able to

27          recall her reasons for striking the prospective jurors at issue in this case, such that

28          an evidentiary hearing would be productive;

a. If the prosecutor is able to recall her reasons in this regard, then within seven (7) days from the filing date of respondent's notice, the parties shall meet and confer regarding their availability for an evidentiary hearing and shall email their proposed hearing dates to Courtroom Deputy Mamie Hernandez, at MHernandez@caed.uscourts.gov;

b. If the prosecutor is not able to recall her reasons for striking the prospective jurors in this case, then within seven (7) days from the filing date of respondent's notice, the parties shall meet and confer and file a joint status report regarding how the parties intend to proceed; and

3. The Eastern District of California's overwhelming caseload has been well publicized, and the long-standing lack of adequate judicial resources in this district long ago reached crisis proportions. Due in large part to this crisis, petitioner's application for writ of habeas corpus has been pending in this court for over seven years. Given the lengthy delays that have already occurred to date, the court urges the parties to cooperate in their meet and confer efforts and do their part to avoid unnecessary further delay and unnecessarily taxing this court's limited resources.

IT IS SO ORDERED.

Dated:  __**October 21, 2022**__       _Dale A. Drozd_

              UNITED STATES DISTRICT JUDGE