UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO ARCIGA,<br><br>Petitioner,<br><br>v.<br><br>SCOTT FRAUENHEIM, *Warden*,<br><br>Respondent. | No.  1:15-cv-01372-DAD-CDB (HC)<br><br>ORDER DENYING RESPONDENT'S MOTION TO STAY PENDING APPEAL<br><br>(Doc. No. 72) |

This matter is before the court on respondent's motion to stay the effect of this court's November 21, 2022 order granting habeas relief (Doc. No. 68) pending respondent's appeal of that order to the Ninth Circuit. (Doc. No. 72.) In the pending motion, respondent alternatively requests that this court enter a temporary stay to enable him to seek a stay from the Ninth Circuit. (*Id.* at 5.) A hearing on the pending motion was not held because the parties agreed to have the court decide the motion on the papers. (*Id.* at 1, n.1.) For the reasons explained below, the court will deny respondent's motion for a stay of this court's November 21, 2022 order.

**BACKGROUND**

On June 15, 2022, the court issued an order providing for petitioner's application for a writ of habeas corpus to proceed only on his *Batson* claim and concluded that petitioner had "made a *prima facie* showing of racial discrimination in the prosecutor's exercise of peremptory challenges" and thus had "satisfie[d] the requirements of *Batson*'s first step by producing

1

1  evidence sufficient to permit the trial judge to draw an inference that discrimination has
2  occurred." (Doc. No. 43 at 33) (quoting *Johnson v. California*, 545 U.S. 162, 170 (2005)). As
3  explained thoroughly in this court's June 15, 2022 order, petitioner Arciga made a strong "*prima*
4  *facie* showing of racial discrimination in the prosecutor's use of peremptory strikes at his trial
5  because there is a statistical disparity significant enough—10 of 15 strikes (66.6%)—that it alone
6  raises an inference of bias, and that inference is not dispelled by consideration of the totality of
7  the circumstances." (*Id.*)

8      Consistent with Ninth Circuit precedent, in its June 15, 2022 order, the court concluded
9  that "an evidentiary hearing will be necessary in order to appropriately resolve petitioner's *Batson*
10 claim," and scheduled a status conference with the parties to discuss the setting of an evidentiary
11 hearing. (Doc. No. 43 at 33–34) (citing *Johnson v. Finn*, 665 F.3d 1063, 1072 (9th Cir. 2011)).
12 The court held a status conference for this purpose on August 1, 2022. (Doc. No. 54.) At that
13 conference, respondent's counsel expressed the view that it was petitioner who bore the burden of
14 production at the evidentiary hearing—a view that was not shared by the court or by counsel for
15 petitioner. Nevertheless, the court set a briefing schedule for the parties to address the question of
16 which party bears the burden at an evidentiary hearing for purposes of the *Batson* step two
17 analysis. After considering the parties' arguments, on October 24, 2022, the court issued an order
18 confirming that controlling precedent makes clear that it is the respondent who bears the burden
19 of production at *Batson* step two and denying respondent's motion for reconsideration of the
20 court's June 15, 2022. (Doc. No. 64.)

21     In its October 24, 2022 order, the court also directed "respondent to first ascertain whether
22 the prosecutor is able to recall her reasons for striking the prospective jurors at issue in this case,
23 such that an evidentiary hearing would be productive." (*Id.* at 6.) On November 14, 2022,
24 respondent filed a response, acknowledging that the prosecutor lacked any recollection of the jury
25 selection at the trial in petitioner's underlying criminal case. (Doc. No. 65.) Accordingly, on
26 November 16, 2022, the parties filed a joint stipulation in which they agreed that an evidentiary
27 hearing at *Batson* step two would not be productive in this case because respondent had no
28 /////

2

evidence to offer at such a hearing and thus the matter should be submitted for decision on the existing record.  (Doc. No. 66.)

On November 21, 2022, the court issued an order resuming its analysis of petitioner's *Batson* claim and readily concluded that petitioner had "satisfied his burden of persuasion to prove purposeful racial discrimination by a preponderance of the evidence." (Doc. No. 68 at 7.) Accordingly, the court granted petitioner's petition for federal habeas relief, specifically ordering that: "Respondent shall release petitioner Arciga from custody and all collateral consequences resulting from his 2012 conviction in the Fresno County Superior Court unless the State of California provides him with a new trial within (90) days from the date of entry of judgment in this case." (*Id.*)  Judgement was entered that same day.  (Doc. No. 69.)  Accordingly, the court's conditional release order directed that petitioner be released by February 19, 2023 but only if the state did not provide him with a new trial by that date.

On December 21, 2022, respondent filed a notice of appeal of this court's November 21, 2022 order and judgment to the Ninth Circuit.  (Doc. No. 70.)[1]

Also on December 21, 2022, respondent filed the pending motion to stay the effect of this court's order granting habeas relief until the Ninth Circuit has resolved respondent's appeal of that order, or in the alternative, to grant a temporary stay to enable respondent to seek a stay in the Ninth Circuit.  (Doc. No. 72.)  On January 3, 2023, petitioner filed an opposition to respondent's motion to stay, and on January 5, 2023, respondent filed his reply thereto.  (Doc. Nos. 74, 75.)

## LEGAL STANDARD

"The typical relief granted in federal habeas corpus is a conditional order of release unless the State elects to retry the successful habeas petitioner" within a certain period of time.  *Herrera v. Collins*, 506 U.S. 390, 403 (1993).

/////

---

[1] A review of the Ninth Circuit's docket in respondent's appeal reflects that, as of the date of this order, the Clerk of the Ninth Circuit received respondent's notice of appeal and set a briefing schedule, with respondent's opening brief due on February 21, 2023 and petitioner's answering brief due on March 21, 2023.  *See Arciga v. Fraunheim*, No. 22-16974, *appeal docketed* (9th Cir. Dec. 22, 2022).  No other filings have been docketed in respondent's appeal.

Pursuant to Rule 23 of the Federal Rules of Appellate Procedure, "[w]hile a decision ordering the release of a prisoner is under review, the prisoner must—unless the court or judge rendering the decision, or the court of appeals, or the Supreme Court, or a judge or justice of either court orders otherwise—be released on personal recognizance, with or without surety." Fed. R. App. P. 23(c). "[I]n deciding whether to stay pending appeal a district court order granting relief to a habeas petitioner," federal courts apply Rule 23(c), which "undoubtedly creates a presumption of release from custody in such cases, but that presumption may be overcome if the judge rendering the decision, or an appellate court or judge, 'otherwise orders.'" *Hilton v. Braunskill*, 481 U.S. 770, 774 (1987).[2] "[A] court making an initial custody determination under Rule 23(c) should be guided not only by the language of the Rule itself but also by the factors traditionally considered in deciding whether to stay a judgment in a civil case." *Id.* at 777 (noting that the presumption of release "may be overcome if the traditional stay factors tip the balance against it").

In civil cases, "[a] stay is not a matter of right, even if irreparable injury might otherwise result." *Nken v. Holder*, 556 U.S. 418, 433 (2009). A stay "is instead an exercise of judicial discretion, and the propriety of its issue is dependent upon the circumstances of the particular case." *Id.* (internal quotation and brackets omitted). "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Id.* at 433–34.

In exercising discretion to grant or deny a stay in civil cases, courts consider the following factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4)

---

[2] As the Ninth Circuit has explained:

> The plain language of Rule 23 gives the district court jurisdiction concurrent with the appeals court over the custody of a habeas petitioner. As the Supreme Court has made clear, a district court has broad discretion in conditioning a judgment granting habeas relief, including whether or not to release a prisoner pending appeal.

*Stein v. Wood*, 127 F.3d 1187, 1190 (9th Cir. 1997) (citing *Hilton*, 481 U.S. at 775).

4

where the public interest lies." *Id.* at 434 (quoting *Hilton*, 481 U.S. at 776). The Ninth Circuit has held that courts should apply these factors flexibly when analyzing stay requests. *See Leiva-Perez v. Holder*, 640 F.3d 962, 966 (9th Cir. 2011) (reasoning, in part, that "stays are typically less coercive and less disruptive than are injunctions"). To apply the factors flexibly, courts employ a "sliding scale," meaning that the factors are balanced so that "a stronger showing of one element may offset a weaker showing of another." *Id.* at 964–66 (quoting in part *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011)); *Kum Tat Ltd. v. Linden Ox Pasture, LLC*, No. 3:14-cv-02857-WHO, 2015 WL 674962, at *2 (N.D. Cal. Feb. 17, 2015). Under this sliding scale approach,

> a moving party who cannot show a strong likelihood of success on the merits may nonetheless be entitled to a stay where he shows that his appeal "raises serious legal questions, or has a reasonable probability or fair prospect of success." *Leiva-Perez*, 640 F.3d at 971. A party satisfying this lower threshold under the first *Nken* factor is not required to show that it is more likely than not to win on the merits, but it must demonstrate that the balance of hardships under the second and third factors tilts sharply in its favor.

*Kum Tat*, 2015 WL 674962, at *2 (cleaned up).

In federal habeas corpus cases, "[t]he most important factor is the first, that is, whether the state has made a strong showing of likely success on the merits of its appeal of the district court's decision." *Haggard v. Curry*, 631 F.3d 931, 935 (9th Cir. 2010). "Where the State establishes that it has a strong likelihood of success on appeal, or where, failing that, it can nonetheless demonstrate a substantial case on the merits, continued custody is permissible if the second and fourth factors in the traditional stay analysis militate against release." *Hilton*, 481 U.S. at 778. However, "[w]here the State's showing on the merits falls below this level, the preference for release should control." *Id.*

In addition, courts may also consider "the possibility of flight," the "risk that the prisoner will pose a danger to the public if released," and "[t]he State's interest in continuing custody and rehabilitation pending a final determination of the case on appeal." *Id.* at 777.

/////

/////

**ANALYSIS**

In the pending motion, respondent asks this court to grant a stay of its November 21, 2022 order pending resolution of respondent's appeal to the Ninth Circuit, or in the alternative, to grant a temporary stay to enable respondent to seek a stay from the Ninth Circuit. (Doc. No. 72.) In support of his motion, respondent argues that: he has a "fair prospect" of prevailing on the merits of his appeal; he would suffer irreparable injury if a stay is not granted; and the public interest lies in granting a stay because there is a "possibility of flight" if petitioner is released and a fair risk that petitioner will pose a danger to the public. (*Id.* at 2–4.)

As to the first *Hilton* factor, importantly, respondent does not contend that he has a strong likelihood of success on the merits of his appeal. Rather, respondent merely contends that he has a "substantial case on the merits" for three reasons. First, respondent argues that this court improperly considered *sua sponte* the question of whether the state *appellate* court applied the wrong legal standard because the legal theory raised in petitioner's *pro se* petition was that the *trial* court applied the wrong legal standard to his *Batson* motion, not the state appellate court. (*Id.* at 2.) Thus, respondent argues that "a fair prospect thus exists that a reviewing court would find this Court improperly questions the California Court of Appeal's standard of review." (*Id.*) Second, respondent argues that there is a fair prospect that a reviewing court would hold that, at the time of petitioner's direct appeal, the Supreme Court had not clearly established the standard of review to be applied by state appellate courts when reviewing a trial court's denial of a *Batson* motion. (*Id.*) Third, according to respondent,

> [a] fair prospect is that a reviewing court would hold the standard applied by the California Court of Appeal here—does 'the record suggests [sic] grounds upon which the prosecutor might reasonably have challenged the jurors in question—is sufficiently equivalent to a pre-AEDPA rule of writ denial when the record shows facts that 'would' have sufficed, and thus compels denial in this post-AEDPA case.

(*Id.* at 4.)

In opposition, petitioner emphasizes that respondent bases his motion on his belief that there is a fair prospect that the Ninth Circuit "will find fault with this court's procedural approach or its legal conclusions," and for this reason, respondent's arguments in this regard "simply

6

rehash issues that have already been analyzed and resolved by this court." (Doc. No. 74 at 6.) The court agrees and will incorporate by reference herein and need not repeat its thorough analysis from its June 15, 2022 order (*see* Doc. No. 43 at 3–12) and its analysis from its October 24, 2022 order (*see* Doc. No. 64 at 2–3), in which the court rejected the same arguments as those respondent has raised again in the pending motion.[3] Respondent may continue to disagree with this court's rulings, as reflected in respondent's reply brief (*see* Doc. No. 75 at 4–7), but that disagreement is insufficient to demonstrate that there exists a substantial case on the merits of his appeal. Again, given the clear and controlling precedent that governed this court's analysis as set forth in its order granting petitioner federal habeas relief, respondent has not demonstrated that reasonable jurists may differ with this court's assessment of petitioner's *Batson* claim, such that respondent's appeal represents a substantial case on the merits.

Accordingly, consideration of the first *Hilton* factor—the most important factor—does not weigh in favor of granting respondent's motion to stay. *See Crittenden v. Chappell*, No. 2:95-cv-01957-KJM, 2013 WL 6840451, at *11 (E.D. Cal. Dec. 24, 2013) ("declin[ing] to issue a full stay pending appeal because respondent has shown neither a strong likelihood of success on appeal to the Ninth Circuit nor a substantial case on the merits" even though respondent had shown a *possibility* of success on one claim). Respondent's deficient showing as to this factor alone is a sufficient basis upon which to deny respondent's motion. *See Taylor v. Davis*, No. 92-cv-01627-EMC, 2016 WL 7102825, at *3 (N.D. Cal. Dec. 6, 2016) ("Respondent has, thus, failed to show even a substantial case on the merits of his claim . . . , let alone a likelihood of success on the merits on appeal. This factor, therefore, weighs strongly in favor of Petitioner. This alone is a ground for denying the stay."). Nevertheless, the court will briefly address the other *Hilton*

---

[3] In addition, the court is not persuaded by respondent's new argument that because petitioner's *pro se* petition stated "*Batson/Wheeler* error" as a ground for relief (Doc. No. 1 at 2, 3) but argued only that the *trial* court had applied an incorrect legal standard (*id.* at 30), this court should have limited its review to the trial court's ruling on petitioner's *Batson* motion and ignored the state appellate court's decision on petitioner's direct appeal. It is well-established that "[t]he relevant state court determination for purposes of AEDPA review is the last reasoned state court decision." *Delgadillo v. Woodford*, 527 F.3d 919, 925 (9th Cir. 2008) (citing *Ylst v. Nunnemaker*, 501 U.S. 797, 804–05 (1991)). It was not improper for this court to consider the state appellate court's decision on petitioner's direct appeal; indeed, such review was required.

factors, none of which tilt sharply in respondent's favor.

As to the second *Hilton* factor, respondent summarily argues that he will be irreparably injured absent the granting of a stay because he has a strong "interest in continuing custody and rehabilitation" of petitioner, who was convicted in 2012 and thus has a long remaining portion of his "25 years-to-life plus 19 years" sentence to serve. (Doc. No. 72 at 2.) While it is true that "[t]he State's interest in continuing custody and rehabilitation pending a final determination of the case on appeal . . . will be strongest where the remaining portion of the sentence to be served is long, and weakest where there is little of the sentence remaining to be served," *Hilton*, 481 U.S. at 777, that interest alone does not establish irreparable injury to respondent absent a stay. Respondent does not elaborate or specify as to how he would be irreparably harmed,[4] choosing instead to focus on the public interest, which is a separate factor addressed by the court below. Accordingly, consideration of this factor is at most neutral; it does not weigh in favor of granting respondent's motion to stay.

As to the third *Hilton* factor, respondent acknowledges that petitioner has a substantial interest in his release but argues that petitioner's "significant criminal history, risk of flight and long prison sentence diminish the weight of his interest in release." (Doc. No. 72 at 5.) Petitioner counters that his interest in release is significant and outweighs respondent's interests because "[h]e has spent more than 12 years in prison under a constitutionally defective conviction and sentence," and respondent has failed to show that he is a flight risk or poses a danger to the

---

[4] For example, respondents in similar cases have argued that they faced irreparable injury absent a stay pending appeal because they would not have enough time to locate witnesses and prepare for a retrial, and they would be forced to expend limited public resources on a retrial, which may ultimately be found unnecessary depending on the resolution of the appeals. *See, e.g., Taylor v. Davis*, No. 92-cv-01627-EMC, 2016 WL 7102825, at *3 (N.D. Cal. Dec. 6, 2016); *Sifuentes v. Brazelton*, No. 09-cv-2902-PJH, 2014 WL 186867, at *2 (N.D. Cal. Jan. 16, 2014). In contrast, here, respondent does not make any such arguments regarding wasted resources or insufficient time to prepare for a retrial. Notably, as highlighted by petitioner, the docket in petitioner's underlying case reflects that the Fresno County Superior Court has promptly taken steps towards a new trial, having already appointed a public defender to represent petitioner in his new trial, ordered that petitioner be transferred and remain in the custody of the Fresno County Jail until further court order, and set a case status conference for January 12, 2023. (*See* Doc. No. 74-2) (citing *State of California v. Mario Alejandro Arciga*, No. F10904281, Fresno County Superior Court).

1    community. (Doc. No. 74 at 8.) To the contrary, petitioner notes that his criminal history is
2    based on events that occurred twenty years ago, when he was a juvenile. (*Id.* at 3.) Further,
3    petitioner emphasizes that he has the support of his mother, a long-time Fresno resident, who has
4    submitted a declaration attesting to her ability and willingness to care for petitioner and "provide
5    for his basic needs and healthcare, including providing him with suitable living arrangements" at
6    her home in Fresno, California. (Doc. Nos. 74 at 3; 74-1 at ¶ 5.) Accordingly, consideration of
7    the third factor also does not weigh in favor of granting respondent's motion to stay.

8    Finally, as to the fourth *Hilton* factor of where the public interest lies, respondent contends
9    that he has established that there is "a fair risk that petitioner will pose a danger to the public if
10   released" because petitioner has a record of juvenile crimes (including assault and weapon
11   possession in school) and has been diagnosed with sexual sadism and antisocial personality
12   disorder, in which his "sexual aggression appears to be a method he finds acceptable for
13   discharging anger at women." (Doc. No. 72 at 4.) As noted, petitioner counters that "the
14   criminal adjudications on which respondent relies to imply that petitioner might pose a danger to
15   the public if released happened almost 20 twenty years ago and therefore have little relevance to
16   whether he would currently pose a danger." (Doc. No. 74 at 3) (citing *Franklin v. Duncan*, 891 F.
17   Supp. 516, 522 (N.D. Cal. 1995) (concluding that testimony of family abuse "related to events
18   happening over 20 years ago" is "less relevant to an evaluation of Franklin's current danger"). In
19   addition, petitioner notes that CDCR's decision to incarcerate him in a low-medium security
20   prison with open dormitories suggests that the state does not believe petitioner represents a
21   present danger to the community. (*Id.* at 4.) Petitioner also argues that "the public has a vital
22   interest in ensuring that the jury's composition is not tainted by racial discrimination and, when it
23   is, the remedy will not be unduly delayed. (*Id.* at 8.) According to petitioner, "[g]iven the
24   dubious grounds for appeal in this case, and the countervailing interest in ending [his] unjust
25   incarceration, the public interest favors the prompt execution of this court's grant of habeas
26   relief." (*Id.* at 9.)

27   In reply, respondent argues that the fact of petitioner's placement in a prison that does not
28   require a higher level of security is unresponsive to his arguments because women are not

incarcerated in that prison. (Doc. No. 75 at 7–8.) Respondent also adds to his argument that petitioner poses a flight risk, noting that such a risk exists regardless of whether petitioner has any financial resources to facilitate travel, because he might conceal himself locally with sympathetic family and friends. (*Id.* at 7.)

The court concludes that respondent has not made a "particularized showing that petitioner poses a flight risk or danger to the public." *See Walker v. Martel*, No. 94-cv-1997-SBA, 2011 WL 2837406, at *3 (N.D. Cal. July 13, 2011). Accordingly, consideration of this factor is at best neutral; it does not weigh in favor of granting respondent's motion to stay.

In sum, on balance, consideration of the traditional *Hilton* factors does not weigh in favor of the granting of respondent's motion to stay. Importantly, because respondent seeks a stay based on his demonstration of a "substantial case on the merits" (as opposed to a strong likelihood of success on the merits), to obtain the stay, respondent must demonstrate that the second and fourth factors militate against release. *Hilton*, 481 U.S. at 778. Respondent has not done so. Consideration of those two factors is neutral and certainly does not tilt sharply in favor of the granting respondent's motion to stay. *See Kum Tat*, 2015 WL 674962, at *2

Accordingly, the court will deny respondent's motion to stay the effect of this court's order granting habeas relief until the Ninth Circuit has resolved respondent's appeal of that order.

The alternative relief that respondent requests is not entirely clear. Respondent requests in the alternative "a temporary stay as necessary to enable respondent to seek a stay from the Ninth Circuit." (Doc. No. 75 at 10.) However, respondent does not specify a requested length of time of the temporary stay sought or explain why the time provided by this court's November 21, 2022 order was insufficient for his anticipated efforts to seek a stay in the Ninth Circuit. Moreover, in support of the requested temporary stay, respondent cites only to the district court's decision in *Haggard v. Curry*, No. 06-cv-07658 SI, 2010 WL 3366197, at *3 (N.D. Cal. Aug. 25, 2010), in which that district court granted a temporary stay, specifically extending the initial 30-day deadline to release the petitioner by an additional 20 days. In contrast, this court provided a 90-day deadline in its original order, and despite filing his notice of appeal on December 21, 2022, which the Ninth Circuit docketed on December 22, 2022, respondent has not yet filed any

requests or motions in the Ninth Circuit as of the date of this order.  Thus, in light of the ambiguity in the alternative relief requested and the lack of an articulated basis for the granting of such relief, coupled with the fact that the current deadline for the state to retry or release petitioner is February 19, 2023 (more than thirty days from the date of this order), the court will deny respondent's requested alternative relief.

## CONCLUSION

For the reasons explained above:

1. Respondent's motion to stay (Doc. No. 75) is denied; and
2. Respondent's motion in the alternative for a temporary stay is denied.

IT IS SO ORDERED.

Dated:  **January 10, 2023**

*Dale A. Drozd*
UNITED STATES DISTRICT JUDGE